# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SUSI B. WONG, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>JUSTIN DUNN and )<br>MID WEST TRANSPORT, )<br>    Defendants. ) | CAUSE NO.: 2:19-CV-488-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court has an ongoing duty to police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

On December 18, 2019, Plaintiff filed her Complaint, alleging that the District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and both defendants and an amount in controversy that exceeds $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Though the citizenship of Defendant Mid West Transport is properly alleged, the Complaint alleges only that Plaintiff Susi B. Wong is a "resident" of Illinois and that Defendant Justin Dunn is a "resident" of Nevada. These allegations are insufficient for the purpose of determining citizenship. Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on

domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Plaintiff must allege her domicile and that of Justin Dunn.

Next, Plaintiff has not met her burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Plaintiff alleges that she "sustained serious injuries" and "the amount in controversy exceeds the sum of seventy-five thousand dollars." Plaintiff does not explain how she calculated the amount of loss.

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **February 26, 2020**, a supplemental jurisdictional statement clarifying the citizenship of Susi B. Wong and Justin Dunn under 28 U.S.C. § 1332(c)(2) and demonstrating that the amount in controversy exceeds $75,000.00 as outlined above.

SO ORDERED this 12th day of February, 2020.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:     All counsel of record